## ARLIE KIRK v. STATE.

No. A-5969.    Opinion Filed Jan. 21, 1928.
(263 Pac. 170.)

John T. Hays, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J.   The information in this case charges that in Kiowa county, September 3, 1925, Arlie Kirk and Mrs. Arlie Kirk did then and there have in their possession intoxicating liquor, to wit, whisky, with the unlawful intent on the part of them to violate the prohibitory liquor laws of the state.   On the trial the jury returned a verdict finding the defendants guilty and fixing the punishment of each at a fine of $50 and imprisonment for 30 days.   Motion for new trial was duly filed and sustained as to Mrs. Arlie Kirk and denied as to appellant, Arlie Kirk.   From

the judgment rendered in pursuance of the verdict, he appeals.

The main question presented is whether the evidence is sufficient to sustain the verdict.

Tom Bryan and Rex Downs, deputy sheriffs, and J. F. McCrary testified that on September 3, 1925, they went into a place two miles west of Snyder and searched the premises. Bryan testified that when they got out of their car Mrs. Kirk ran into the house, picked up a cream pitcher, and poured its contents out; that they found a fruit jar in the house that had a spoonful of something like whisky in it; that Mrs. Kirk grabbed it and went out the back door, and he heard a smash, and she said, "Now you have not got any evidence;" that he did not have a search warrant.

Rex Downs testified that he started to read a search warrant to Mr. Kirk, and Mrs. Kirk ran into the house, picked up a cream pitcher, and poured some whisky out of it on the floor; that they found a half gallon of whisky in a field across the road about 50 yards away; that he thought the field belonged to Mr. Orrell; and that Mr. Kirk did not have any control or possession of the field.

J. F. McCrary testified that he was a Baptist minister at Snyder and went with the officers to the defendant's place; that when they went in Mrs. Kirk had a cream pitcher in her hand; that it was empty when he saw it, but it smelled like whisky, and they found a fruit jar that smelled like whisky. Witness Downs, recalled, identified the jar containing whisky found in the field across the road, and the court overruled defendant's objections to the competency of the same.

When the state rested the defendants moved the court to strike the evidence on the ground that the same was obtained by an illegal search and in violation of their constitutional rights. The motion was overruled.

The defendants then moved the court to advise the jury to return a verdict of acquittal on the ground that the evidence was insufficient to prove the charge, which motion was overruled.

Mrs. Kirk as a witness in her own behalf testified that when the officers and Baptist minister came in she was standing by the table; that Mr. Bryan was followed by Mr. White, who had a gun in his hand, and behind him was the Baptist preacher; that she had a cream pitcher that would hold less than a half pint in her hand while they were searching the house. that there was no whisky in the picher; she did not empty anything out of it; that she knew nothing about the gallon of whisky that was found in the field.

Appellant as a witness in his own behalf denied that there was any whisky in the house, denied that he knew the fruit jar that the officers picked up in the field was out there; that it did not belong to him and he did not know who put it there; that he had no control or possession of the land upon which it was found.

An examination of the record convinces us that the evidence was not sufficient to sustain the verdict and judgment. The state failed to prove that the place where the jar was found was in the possession or under the control of appellant, or that the jar or that the liquor was his, or that he had possession of the same.

Where the evidence raises a mere suspicion, or, admitting all that it tends to prove, the defendant's guilt is left doubtful or dependent upon mere supposition, surmise, or conjecture, the court should advise the jury to return a verdict of acquittal.

Because the verdict and judgment is contrary to law and the evidence, the judgment appealed from is reversed.

EDWARDS and DAVENPORT, JJ., concur.